UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT


CHRISTOPHER CASHMAN

v.                                                    LEAD CASE NO. 3:02CV 1423 (MRK)
                                                      ALL CASES
MICHAEL RICIGLIANO JR.
ET AL.                                                October 25, 2003

PLAINTIFFS' MOTION TO COMPEL
DISCOVERY: NO OBJECTIONS

Pursuant to Fed. R. Civ. P. 37(a), 33(b), 34(b) and 6(b)(2), Plaintiffs move to compel defendants to respond to production requests served on June 28, 2003 (a duplicate of those served on May 31 during the discovery stay) and to interrogatories served on August 12, 2003. Defendants neither responded nor objected to the interrogatories. They produced nothing in response to the production request. A copy of the requests or responses are attached.

The requests seek information necessary to effectively oppose defendants' Summary Judgment motion. Defendants' virtually identical Motion to Dismiss was denied without prejudice pending completion of discovery (Doc. No. 61) but defendants still have not provided requested discovery relating to their dispositive claim.

A memorandum is filed herewith.

                                        THE PLAINTIFF

ORAL ARGUMENT IS
NOT REQUESTED

                                  BY_____
                                JOANNE S. FAULKNER  ct04137
                                    123 Avon Street
                                New Haven, CT 06511
                                    (203) 772-0395
                                  j.faulkner@snet.net

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

---------------------X
CHRISTOPHER CASHMAN,                    Lead Case No.
                                        302 CV 1423 (DJS) (TPS)
    Plaintiff,

  - against -                           **DEFENDANTS' RESPONSE TO
                                        PLAINTIFFS' THIRD
MICHAEL RICIGLIANO, JR. and             REQUEST FOR PRODUCTION
MARGIOTTA & RICIGLIANO,                 OF DOCUMENTS**

    Defendants.
---------------------X
JANET B. MONTVILLE,                     302 CV 1427

    Plaintiff,

  - against -

MICHAEL RICIGLIANO, JR. and
MARGIOTTA & RICIGLIANO,

    Defendants.
---------------------X

Defendants Michael Ricigliano, Jr. and Margiotta & Ricigliano ("M&R") (collectively referred to herein as "Defendants"), by and through their undersigned counsel, as and for their Response to the **Third** Request for Production of Documents served by plaintiffs Christopher Cashman ("Mr. Cashman") and Janet B. Montville ("Ms. Montville"), state as follows:

**Request:**

23. Please produce a copy of all documents supporting your claim in ¶ 14 of the Affidavit submitted in support of Motion to Dismiss as to the amount of legal fees resulting from legal services on behalf of Arrow.

**Response:**

23. Copies of any and all statements and invoices sent by M&R to Arrow Financial Services LLC ("AFS") for the years 2001 through and including 2002 were previously produced by Defendants in response to Mr. Cashman's and Ms. Montville's First Requests for Production of Documents.

**Request:**

24. Please produce a copy of all documents supporting your claim in ¶ 15 of the Affidavit submitted in support of Motion to Dismiss as to the amount of legal fees resulting from legal services on behalf of Arrow.

**Response:**

24. See Response to Request No. 23.

**Request:**

25. Please produce all documents concerning remittances and reports as provided for in ¶ I.C. of the Agreement for Legal Collection Service.

**Response:**

25. Any non-privileged documents in Defendants' custody, possession or control which are responsive to Request No. 25 were previously provided to Mr. Cashman's and Ms. Montville's counsel.

**Request:**

26. Please provide all documents concerning remittances and reports as provided for in ¶ II.D. of the Agreement for Legal Collection Service.

**Response:**

26. Any non-privileged documents in Defendants' custody, possession or control which are responsive to Request No. 26 were previously provided to Mr. Cashman's and Ms. Montville's counsel.

**Request:**

27. Please produce all documents concerning remittances and reports as provided for in ¶ II.E of the Agreement for Legal Collection Service.

**Response:**

27. Any non-privileged documents in Defendants' custody, possession or control which are responsive to Request No. 27 were previously provided to Mr. Cashman's and Ms. Montville's counsel.

**Request:**

28. Please produce all documents concerning termination as provided for in ¶ III.C of the Agreement for Legal Collection Service.

**Response:**

28. Defendants are not in possession of any documents which are responsive to Request No. 28. Copies of any motions made by M&R to be relieved as counsel for AFS in the State court "collection" actions against Mr. Cashman and Ms. Montville were previously provided to Mr. Cashman's and Ms. Montville's counsel.

**Request:**

29. Please produce all documents concerning indemnification claims as provided for in ¶ III.H and I of the Agreement for Legal Collection Service.

**Response:**

    29.   Defendants are not in possession of any documents which are responsive to Request No. 29.

Dated:    White Plains, New York
            July 29, 2003

                          STEINBERG & CAVALIERE, LLP

                          By _/s/ Neil Silberblatt_
                            Neil W. Silberblatt
                          Attorneys for Defendants
                          50 Main Street, 9th Floor
                          White Plains, New York 10606
                          (914) 761-4200
                          Fed Bar No. CT 04032

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER CASHMAN

v.   LEAD CASE NO. 3:02CV 1423 (DJS) (TPS)
     ALL CASES

MICHAEL RICIGLIANO JR.
MARGIOTTA & RICIGLIANO            August 12, 2003

## PLAINTIFF'S SECOND INTERROGATORY REQUESTS

The plaintiff requests each defendant to respond to the following interrogatories under oath.

19. For each month from October 2001 through February 2002, please set forth the number of each of the following matters handled by Margiotta and Ricigliano ("M&R"):
    a. real estate
    b. tax certiorari
    c. criminal matters not handled by "of counsel"
    d. landlord tenant
    e. zoning
    f. matrimonial
    g. trusts and estates
    h. Civil litigation other than Arrow

20. For each month from October 2001 through February 2002, please set forth the number of each of the following matters handled exclusively by Michael Thomas Ricigliano ("MR Jr."):

    a. real estate
    b. tax certiorari
    c. criminal matters not handled by "of counsel"
    d. landlord tenant
    e. zoning
    f. matrimonial
    g. trusts and estates
    h. Civil litigation other than Arrow

21. For each month from October 2001 through February 2002, please set forth the net income of M&R

22.  For each month from October 2001 through February 2002, please set forth the net income of MR Jr. (distribution from M&R).

23.  For each month from October 2001 through February 2002, please set forth the number of court cases in which MR Jr. had filed an appearance and which courts were involved in the following matters (such as surrogate's court, family court, district court, supreme court)
    i.   real estate
    j.   tax certiorari
    k.   criminal matters not handled by "of counsel"
    l.   landlord tenant
    m.   zoning
    n.   matrimonial
    o.   trusts and estates
    p.   Civil litigation other than Arrow
    q.   representing plaintiffs other than Arrow
    r.   representing defendants

                        THE PLAINTIFF

                        BY_____
                        JOANNE S. FAULKNER ct04137
                              123 Avon Street
                              New Haven, CT 06511-2422
                              (203) 772-0395
                              j.faulkner@snet.net

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER CASHMAN

v.                    LEAD CASE NO. 3:02CV 1423 (MRK)
                      ALL CASES

MICHAEL RICIGLIANO JR.
ET AL.                                October 25, 2003


PLAINTIFFS' MEMORANDUM RE MOTION TO COMPEL
UNOBJECTED-TO DISCOVERY

On June 28 and August 12, 2003, plaintiffs served interrogatories and production requests on defendant seeking information regarding defendants' status as a debt collector. Defendants did not comply or object and have now served a dispositive motion based on the information it wants before the Court, excluding information sought by plaintiff to contravene their claim. Absent timely objection, a defendant is obligated to provide the requested discovery without court order. Penthouse International Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371 (2d Cir. 1981).

"District courts should not countenance 'purposeful sluggishness' in discovery on the part of parties or attorneys and should be prepared to impose sanctions when they encounter it." Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99 (2d Cir. 2002).

Defendants did not respond to the interrogatories at all. They claimed to have "previously produced" documents which they had not produced (they apparently exist, since someone has summarized them in support of summary judgment), and refused to say what documents had been produced. Prod. 23-27.

Moreover, they withheld privileged documents without a log, contrary to the Discovery Order (Doc. No. 62) and Local Rules. Prod 25-27.

CONCLUSION

Since defendants have not responded to unobjected-to discovery requests, the Motion to Compel should be granted in all respects.

THE PLAINTIFFS

BY_____
    JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511
    (203) 772-0395
    j.faulkner@snet.net