UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER CASHMAN

v.

LEAD CASE NO. 3:02CV 1423 (MRK)
ALL CASES

MICHAEL RICIGLIANO JR.
MARGIOTTA & RICIGLIANO

November 3, 2003

FILED

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT

Michael Ricigliano Jr. (MR Jr) intensively attempted to collect debts for and in the name of a collection agency between October 2001 and February 2002. As shown in the opening brief (Doc. No. 66), MR Jr's collection efforts were illegal *ab initio* since his collection agency client (Arrow Financial Services) could not collect or sue on debts it had purchased. His collection letters were deceptive in several respects, and did not comply with the prophylactic notice provisions of the FDCPA. His lawsuits included objectively false allegations in virtually every paragraph. Defendants concede (by not discussing) the multiple violations of the Fair Debt Collection Practices Act and of state law.

In the face of such a multiplicity of violations, defendants resort to claiming that they are not debt collectors. Their entire argument (Def. Mem. 3-8) is based on the law firm's (M&R) volume of business for two years, a period that includes nine months before collection started, and ten months after collection ceased. They claim that their "main practice" was not debt collection. Def. Mem. at 11. Defendants overlook the statutory disjunctive: they are debt collectors *either* if collection is their principal business purpose *or* if they "regularly" attempt to collect debts. Plaintiffs rely on the second prong: for the five months at issue, defendant MR Jr "regularly" attempted to collect debts. As set forth in the opening brief, M&R is an indirect

debt collector *because* of MR Jr's collection practice.

Defendants' opposition ignores the significant distinction between the basis for MR Jr's liability and that of the firm. Their opposition provides no factual information about MR Jr – who admittedly was the only one in the firm doing collections. See plaintiffs' unopposed Local Rule 56(a)(1) Statement ("All material facts [are] deemed admitted" when not controverted).

Defendants' opposition also ignores the disjunctive nature of the "regularly" test for being a debt collector. The term "regularly" connotes being recurrent: "At fixed and certain intervals, regular in point of time. In accordance with some consistent or periodical rule or practice." Black's Law Dictionary 1286 (6th ed. 1990). Unquestionably, this debt collection activity was not a principal part of defendants' business, but for MR Jr it was consistent and uniform during the relevant period and a normal part of his legal business and practice of law.

THE FACTS SHOW A SIGNIFICANT VOLUME OF COLLECTIONS

MR Jr. admits to sending 90 dunning letters. Aff ¶¶ 12, 13. He billed Arrow for 25 people on whom he served lawsuits even though the lawsuits are seemingly unfiled. Plaintiff's Statement ¶ 16. He has now provided 21 more names of persons who paid without a lawsuit (Ex. G to MR Jr Aff.). In addition, he admits filing 53 lawsuits. (MR Jr omitted from his Ex. C three lawsuits against M. Freeman, M. Harris, and M. Maier (copy of Judicial Department records for these cases attached). Twenty-six of the lawsuits are still pending under his name. [Contrary to his affidavit, MR Jr. has not moved to withdraw his appearance in eight of these cases, including plaintiff Petrolito's. See Judicial Dept Records as of 11/3/03, attached.]

NO COURT HAS EVER FOUND THAT SUCH A CONCENTRATED LEVEL OF COLLECTION ACTIVITY IS NOT "REGULAR"

Because of the 97 letters (25+21+56) and 81 lawsuits served, the latter including the 56 lawsuits filed, in the course of just five months, MR Jr (and consequently his law firm) is a regular debt collector within the Circuit decisions cited in the opening brief. Garrett v. Derbes, 110 F.3d 317 (5th Cir. 1997) (per curiam) (rejecting percentage of practice argument); Schroyer v. Frankel, 197 F.3d 1170 (6th Cir.1999) (29 letters for a friend, no lawsuits); Crossley v. Lieberman, 868 F.2d 566, 569 (3rd Cir. 1989). Defendants ignore those appellate decisions in favor of a few inapposite district decisions.

Defendants cite Von Schmidt v. Kratter, 9 F. Supp. 2d 100 (D. Conn. 1997). Def. Mem. at 5, 11. Defendants' receipts in Kratter over a three year period were about $800, much less than the $3,300 MR Jr cleared in only five months. Defendants in Kratter opened only 30 files for the creditor in two years. Herein, MR Jr opened some 97 files in two months. Defendants in Kratter represented a creditor -- a health care facility; here MR Jr represented a collection agency. Plaintiffs respectfully suggest that, upon the facts of this case, Judge Arterton would agree that MR Jr "regularly" collected debts.

Defendants do not cite Tragianese v. Blackmon, 993 F. Supp. 96 at n.1(D. Conn. 1997) (60 letters over a short time sufficient to be "debt collector"). Defendants cite Cacace v. Lucas, 775 F. Supp. 502 (D. Conn. 1990), which supports plaintiffs' position. Def. Mem. at 6. Lucas was a debt collector because he used the collection letter 120 - 150 times in 14 months. Here, MR Jr sent the letter 97 times in two months. Lucas filed 154 collection actions in one year. MR Jr served 81 suits and filed 56 of them in three months. Lucas had an ongoing relationship with four collection agencies; more than 60% of his work for them involved debt collection.

Here, MR Jr had an ongoing relationship with a major national debt collector and 100% of his work for Arrow (and 100% of the firm's Connecticut business) involved debt collection. MR Jr's Connecticut practice mandates the conclusion that he is a debt collector in this State.

And that is what MR Jr told every one of the 90 (97) Connecticut consumers, as an admission against interest: "Please be advised that this office is attempting to collect a debt and any information obtained by us from you or about you will be used for that purpose." The FDCPA mandates that language. 15 U.S.C. § §1692e(11). Likewise, MR Jr tried to give the 30-day validation notice required by §1692g. "It seems odd that Defendants would go out of their way to comply with the FDCPA, only to argue that the FDCPA does not apply to them when faced with litigation." Healy v. Jzanus, 2002 WL 31654571 *3 (E.D.N.Y. 2002).

Defendants cite White v. Simonson Cohen P.C., 23 F. Supp. 2d 273 (E.D.N.Y. 1998). Def. Mem. at 4. Unlike MR Jr., defendant in that case sent only 35 letters on one day as a personal favor, and filed no suits. Defendants cite Firemen's Ins. Co. v. Keating, 753 F. Supp. 1137 (S.D.N.Y. 1990). Def. Mem at 7. That case involved a business transaction, not a consumer transaction, so the FDCPA did not apply. Other cases are likewise cited by defendants for dicta: Nance v. Petty, Livingston, Dawson & Devening, 881 F. Supp. 223 (W. D. Va. 1994) did not involve a consumer debt at all. Def. Mem. at 6.

The sheer volume of MR Jr's collection work over a short period of time establishes defendants' status as a "debt collector." No authority has ever entertained the proposition that an attorney collector sending some 90 (97) letters and serving/ filing suits thereafter in a few month period is not acting "regularly." The margin in this area is a number in the order of a "handful," as confirmed by the above authorities and illustrated by the decisions in Mertes v. Devitt, 734 F. Supp. 872 (W.D. Wis. 1990) (an attorney was not acting "regularly" where his

collection volume was limited to fewer than two accounts per year over ten years) and Silva v. Mid Atlantic Management Corp., 277 F.Supp.2d 460 (E.D. Pa. 2003) (law firm is a debt collector where it engaged in about ten collection actions per year for a couple of years, even though its income from such activity was less than one percent of the firm's gross revenue).

Based on holdings in applicable FDCPA cases, MR Jr. is a debt collector within the FDCPA. It follows that his firm is a debt collector also.

PUBLIC POLICY SUPPORTS THE POSITION THAT MR Jr IS A DEBT COLLECTOR

Although a few courts have seemingly taken the "profit" factor into consideration in close cases to determine whether debt collection is "regular," this is not such a close case. Moreover, there is no statutory basis for applying such a factor, because the FDCPA includes those who "attempt" to collect debts, irrespective of their degree of success. The judge-made law flies in the face of the public policy and legislative history of the FDCPA: to ensure that collection practices of large and small firms alike adhere to the statutory standards. Carmody & Torrance files numerous collection suits for Northeast Utilities. Lynch, Traub, Keefe and Errante files numerous collection suits for Southern Connecticut Gas Company. Edwards & Angell files numerous foreclosures for Waters Edge Vacation Ownership Assoc. and others. Are these prominent Connecticut firms exempt from the FDCPA solely because their income from collection suits is minuscule? Can these prominent Connecticut firms compete unfairly with dedicated collection firms such as Tobin & Melien or Howard Lee Schiff by touting their exemption from the FDCPA? That type of evasion of the prophylactic provisions of the FDCPA is what gave rise to the repeal of the attorney exemption in the first place.

are causing problems but also lawyers who collect on an occasional basis. . . .

131 Cong. Rec. at H10535 (remarks of Rep. Annunzio). Rep. Annunzio, the bill's sponsor, directly stated that only isolated debt collection activity would not be covered:

> Are we causing unnecessary problems for lawyers who once or twice a year handle a collection manner [matter] for a client? Absolutely not. The original act clearly exempts such activities. Only people who regularly collect for a third party are covered. We do not change that exemption in this bill. Thus, a lawyer who collects only a few accounts a year would continue to be exempt from the act.

131 Cong. Rec. at H10534.

2. Rejected Alternatives. Congressman Hiler introduced an amendment that would have limited the attorney exemption instead of repealing it, so as not to affect an attorney's incidental collection practice. His proposed amendment was defeated. Congressman Shumway offered an amendment to except attorneys from sections 804(1)-(3), 805(b)-(c), and 809. That amendment was defeated as well. Dissenting Views of Rep. Hiler, H.R. Rep. No. 405, reprinted in 1986 U.S.C.C.A.N. at 1761.

Congress's rejection of these alternatives supports plaintiffs' position that MR Jr's volume of exclusive Connecticut collection renders defendants debt collectors. "Few principles of statutory construction are more compelling than the proposition that Congress does not intend sub silentio to enact statutory language that it has earlier discarded in favor of other language." INS v. Cardoza-Fonseca, 480 U.S. 421, 442 (1987). There is a strong presumption "against a judgment that Congress intended a result that it expressly declined to enact." Gulf Oil Corp. v. Copp Paving Co., 419 U.S. 186, 199 (1974). "Generally the rejection of an amendment indicates that the legislature does not intend the bill to include the provisions embodied in the rejected amendment." 2A Sutherland Statutory Construction §48.18, at 369

(5th ed. 1992). Unsuccessful efforts to have an exception included in a statute indicate that the statute as passed does not include the exception. United States v. Pfitsch, 256 U.S. 547, 551-52 (1921) (Congress took "deliberate action in the face of opposition" and "had this question presented to its attention in a most precise form").

DEFENDANT'S ACTIVITY IS REGULAR AS DEFINED IN SIMILAR CONSUMER PROTECTION LAWS

The requirement that a person act "regularly" is a condition for coverage under other Titles of the CCPA. See 15 U.S.C. §§ 1681a(f) and 1691a(e), Fair Credit Reporting Act (FCRA) and Equal Credit Opportunity Act, respectively. "Regularly" under the FCRA has the connotation of not "isolated." FTC Official Staff Commentary, Fair Credit Reporting Act, 16 C.F.R. Part 600 §603(f)-2. Another title of the CCPA, the Truth in Lending Act (TILA), 15 U.S.C. § 1602(f), defines a "creditor" as a person who "regularly extends" consumer credit. Before the enactment of the FDCPA, the Ninth Circuit decided that a real estate broker which in the preceding nineteen month period sold for its own account seven properties and financed three of them, was acting "regularly." Eby v. REB Realty, Inc., 495 F.2d 646, 648 (9th Cir. 1974). The Court concluded that the use of the term "regularly" in TILA "except[s] from the Act only those lenders whose extensions of credit are an occasional, isolated, and incidental portion of their business." Id. at 649-50.

Similarly, in James v. Ragin, 432 F. Supp. 887 (W.D.N.C. 1977), another TILA case decided before the enactment of the FDCPA, the court held that a real estate broker and investor who financed ten sales over five years also was acting "regularly." The court distinguished between those lenders "who make 'isolated and incidental' extensions of credit," and who are not subject to TILA, and the lender at bar, whose "extension of credit was a

regular though intermittent part of his business," and who was thus obligated to comply with the law. Id. at 891-92. See also Partridge v. Alaimo, Cons. Cred. Guide (CCH) ¶96,936 (D. Conn. 1982) (29 loans over a two year period); Long v. Storms, 622 P.2d 731 (Or. 1981) (three loans in one month).

Congress is aware of the prevailing judicial construction of statutory terms, and its adoption of legislation containing such an existing concept necessarily incorporates that established meaning. St. Paul Fire & Marine Insurance Co. v. Barry, 438 U.S. 531, 541 (1978). The doctrine of *in pari materia* also leads to the same conclusion. Haig v. Agee, 453 U.S. 280, 300-301 (1981).

Thus, it is no mere coincidence that the drafters of the FDCPA amendment agreed that the incidental collection of debts more than a handful of times per year by an attorney in a general law practice constitutes "regularly" collecting debts. To achieve any other result would have required affirmative steps, such as the use of a different term or a separate definition, to mark the distinction and avoid the consequences of the accepted canons of statutory construction. St. Paul Fire & Marine Insurance Co. v. Barry, supra.

DEFENDANTS CONCEDE THEY VIOLATED STATE LAW

Defendant MR Jr brought state court actions on behalf of Arrow without probable cause in violation of Conn. Gen. Stat. §52-568. Summary judgment should be granted on this claim. Defendants' failure to contest the illegality of the lawsuits admits the violation. D. Conn. L. Civ. Rule 7(a)1. MR Jr also admitted bringing the actions without probable cause by withdrawing the actions or seeking to withdraw as counsel. MR Jr. Aff. ¶ 15-17. Even if the Court agrees that the significant rate of collection letters and lawsuits is insufficient to render MR Jr (and consequently the law firm) a debt collector, judicial economy calls for judgment on the pendent

state claim. After this lengthy federal litigation, when the violation is undisputed, Plaintiffs should not be relegated to the expense and delay of bringing separate state court suits in various state venues distant from one another as defendants request. Def. Mem. at 12-13.

Indeed, the purpose of the statute granting supplemental jurisdiction, 28 U.S.C. §1367(a), is to promote efficiency and judicial economy ("all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). A court is not required to dismiss even if all federal claims are dismissed. In re Porges, 44 F.3d 159, 163 (2d Cir. 1995). In several cases, courts that determined that a plaintiff did not assert violations of the federal law at issue proceeded to rule on the identical state claims. *See, e.g.*, Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (FDCPA); Clayton v. McCary, 426 F. Supp. 248, 259 (N.D. Ohio 1976) (Odometer); see also Wegmans Food Markets, Inc. v. Scrimpsher, 17 B.R. 999 (Bankr. N.D.N.Y. 1982).

CONCLUSION

MR Jr, a partner in the law firm defendant, made extensive attempts to collect illegal debts. He sent some 97 collection letters which violated the FDCPA in several respects. MR Jr then served 81 suits and filed 56 of them. He (and therefore his firm) regularly collected debts. Partial summary judgment as to liability alone should enter for plaintiffs for these violations of the FDCPA and state law.

THE PLAINTIFFS

BY ____________________

JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395

LIST OF PERSONS SERVED, NOT ON JUDICIAL DEPARTMENT RECORDS

1. Aldrich, W - Pl. Ex 13, Bates 91
2. Balisciano, Aimee – Pl. Ex. 13, Bates 92
3. Brown, Charles - Pl. Ex 13, Bates 91
4. Cappello, Sachio - Pl. Ex 13, Bates 91
5. Colon, Carlos - Pl. Ex 13, Bates 92
6. DiBenigno, Ursula - Pl. Ex 13, Bates 92
7. Ginsberg, Michael - Pl. Ex 14, Bates 88
8. Hawley, Monique - Pl. Ex 13, Bates 91
9. Hoffman, Rosemarie - Pl. Ex 14, Bates 88
10. Johnson, John - Pl. Ex 13, Bates 92
11. Luberto, Tina - Pl. Ex 13, Bates 91
12. Maher, Jeffrey - Pl. Ex 13, Bates 92
13. Muniz, Maria - Pl. Ex 13, Bates 92
14. Murillo, Luz - – Pl. Ex. 15, Bates 1042
15. Owens, Thurman - Pl. Ex 14, Bates 88
16. Petersen, Kristina - Pl. Ex 14, Bates 88
17. Quiles, Janette – Pl. Ex. 13, Bates 92
18. Rascoe, Obbie - Pl. Ex 14, Bates 88
19. Roselle, Phillip - Pl. Ex 13, Bates 91
20. Silva, Jacquelin - Pl. Ex 14, Bates 88
21. Szollosi, George - Pl. Ex 13, Bates 92
22. Tarrant, James - Pl. Ex 13, Bates 90
23. Vesentin, Gary - Pl. Ex 13, Bates 92
24. Wagner, Paul - Pl. Ex 13, Bates 92
25. Wandishion, Lauren - Pl. Ex. 13, Bates 90


Others who paid, not on Judicial list of 56 cases, or Served list above
(Ex. G to Ricigliano Aff Oct. 2003)

26. Barkan, Seth
27. Barker, Patricia Anne
28. Barrett, Carolyn
29. Brown, Charles
30. Clark, Susan
31. Conner, Sandra
32. Hannon, Donald
33. Jordan, Jean & Martin
34. Lecuivre, David & Linda
35. Rann, Rath
36. Ring, Joann & David
37. Scott, Robert
38. Tibbens, John
39. Tingley, Jessica

40. Wagstaff, Micah & Brenda
41. Wycko, Gary



State of Connecticut
Judicial Branch
Case Look-up

Civil Inquiry Home | Prev Page | Site Help | Comments Page | Calendar Notic

**Screen Section Help:** Detail Party Motions

# Case Detail

**Data Updated as of: 10/31/2003**

| Plaintiff Name | VS | Defendant Name |
|---|---|---|
| ARROW FINANCIAL SVCS | VS | FREEMAN, MAVIS |

**Docket Number:** CV-02-0814067-S
**Court Location:** Hartford
**File Date:** Feb 01 2002
**Return Date:** Feb 05 2002
*** Last Action Date:** May 14 2002
**ADR Status:** Not Applicable
**Case Type:** CONTRACTS - COLLECTIONS

**List Type:** .
**Disposition Date:**
**Judge/Magistrate:**
**Trial List Claim:**
**Disposition:**

* 'Last Action Date' is a data entry date, not actual date

## Parties / Attorneys

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear |
|---|---|---|---|---|
| ARROW FINANCIAL SERVICES LLC | 01 | P | . | Y |
| MAVIS FREEMAN | 50 | D | . | Y |

## Motions / Pleadings / Objections

| Entry No | Entry Date | Description | Initiated By | Arguable | Result | Result Date | Ordered By |
|---|---|---|---|---|---|---|---|
| 101.00 | Apr 23 2002 | MOT PERMISSION WD APPRNC | P | No | Granted | May 06 2002 | Hon. JOHN LANGENBACH |

Periodic changes to terminology may be made which do not affect the status of the case.

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Search | Home

Common Legal Terms | Contact Us | Civil/Family Case Disclaimer

Copyright © 2003, State of Connecticut Judicial Branch



State of Connecticut
Judicial Branch

Civil Inquiry Home Prev Page Site Help Comments Page Calendar Notic Case Look-up

Screen Section Help: Detail Party Motions

# Case Detail

**Data Updated as of: 10/31/2003**

| Plaintiff Name | VS | Defendant Name |
|---|---|---|
| ARROW FINANCIAL | VS | MAIER, MICHAEL |

**Docket Number:** CV-02-0077801-S
**Court Location:** Tolland
**File Date:** Feb 01 2002
**Return Date:** Feb 05 2002
*** Last Action Date:** Sep 23 2003
**ADR Status:** Not Applicable
**Case Type:** CONTRACTS - COLLECTIONS

**List Type:** .
**Disposition Date:** Sep 23 2003
**Judge/Magistrate:** Hon. J. KAPLAN
**Trial List Claim:**
**Disposition:** JUDGMENT OF DISMISSAL

* 'Last Action Date' is a data entry date, not actual date

## Parties / Attorneys

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear |
|---|---|---|---|---|
| ARROW FINANCIAL SERVICES LLC | 01 | P | | Y |
| MICHAEL MAIER<br>250 PINNEY STREET APT D ELLINGTON CT 06029 | 50 | D | Y | |

## Motions / Pleadings / Objections

| Entry No | Entry Date | Description | Initiated By | Arguable | Result | Result Date | Ordered By |
|---|---|---|---|---|---|---|---|
| 101.00 | May 01 2002 | MOT WITHDRAW APPEARANCE | P | No | Granted | May 13 2002 | Hon. GEORGE LEVINE |
| 101.10 | May 01 2002 | NOTICE | P | No | | | |
| 102.00 | Sep 23 2003 | JUDGMENT OF DISMISSAL | | Yes | | Sep 23 2003 | Hon. JONATHAN KAPLAN |

Periodic changes to terminology may be made which do not affect the status of the case.

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Search | Home

Common Legal Terms | Contact Us | **Civil/Family Case Disclaimer**

State of Connecticut
Judicial Branch
Civil/Family Case Look-up

Go back to menu

# Case Detail

Data Updated as of: 2/4/2002

| Plaintiff Name | VS | Defendant Name |
|---|---|---|
| ARROW FINANCIAL SER | VS | [illegible] |

Comments Page

Click here for information on how to use our site.

Screen Section Help
Detail
Party
Motions

| | | | |
|---|---|---|---|
| Docket Number: | CV-02-0459774-S | Court Location: | New Haven |
| File Date: | Jan 17 2002 | Return Date: | Jan 22 200 |
| * Last Action Date: | Jan 17 2002 | ADR Status: | Not Applic |
| Case Type: | CONTRACTS - COLLECTIONS | | |
| List Type: | | | |
| Disposition Date: | | | |
| Judge/Magistrate: | | Trial List Claim: | |
| Disposition: | | | |

* 'Last Action Date' is a data entry date, not actual

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appea |
|---|---|---|---|---|
| ARROW FINANCIAL SERVICES LLC | 01 | P | | |
| Attorney: MICHAEL RICIGLIANO (Juris No. 416888) MARGIOTTA & RICIGLIANO P.O. BOX 38 UNIONDALE, NY 11553 | | | | |
| MAURICE HARRIS | 50 | D | | Y |

** No Motions / Pleadings / Objections Were Found **

 

include bottom text links for all sub pages Case 3:02-cv-01423-MRK Document 76 Filed 11/06/2003 Page 17 of 25 Page 1 of 1

State of Connecticut
Judicial Branch

Civil Inquiry Home Prev Page Site Help Comments Page Calendar Notic... Case Look-up

## Case List for MICHAEL THOMAS RICIGLIANO as of 10/31/2003.

| Category | Docket Number | Case Name | Location |
|---|---|---|---|
| CV | CV-02-0459776-S | ARROW FINANCIAL SER V. PONCE,JOSE L | New Haven |
| CV | CV-02-0097514-S | ARROW FINANCIAL SER V. THOMPSON, ANITA | Middletown |
| CV | CV-02-0459777-S | ARROW FINANCIAL SER V. TORRES,ELIZABETH | New Haven |
| CV | CV-02-0459775-S | ARROW FINANCIAL SER V. WATSON,DEBRA A | New Haven |
| CV | CV-02-0389992-S | ARROW FINANCIAL SERV V. BLEDSOE RUSSELL | Bridgeport |
| CV | CV-02-0344876-S | ARROW FINANCIAL SERV V. GONZALES,JUDITH | Danbury |
| CV | CV-02-0390032-S | ARROW FINANCIAL SERV V. LAWRENCE GEORGE | Bridgeport |
| CV | CV-02-0076831-S | ARROW FINANCIAL SERV V. WAGNER, MICHELLE | Milford |
| CV | CV-02-0076873-S | ARROW FINANCIAL SVC. V. DARDEN,ANNETTE M. | Milford |
| CV | CV-02-0169252-S | ARROW FINANCIAL SVCS V. BILUPS, R. G. | Waterbury |
| CV | CV-02-0067292-S | ARROW FINANCIAL SVS V. BARROS, ANTHONY | Windham |
| CV | CV-02-0067322-S | ARROW FINANCIAL SVS V. GENDREAU, JAMES | Windham |
| CV | CV-02-0067294-S | ARROW FINANCIAL SVS V. HUGHES, STEPHEN | Windham |
| CV | CV-02-0067301-S | ARROW FINANCIAL SVS V. MATOS, MAGDA I. | Windham |
| CV | CV-02-0067293-S | ARROW FINANCIAL SVS V. POUDRIER, ANN | Windham |
| CV | CV-02-0067146-S | ARROW FINANCIAL SVS V. TAYLOR, NANCY | Windham |
| CV | CV-02-0814101-S | ARROW FINANCIAL V. BITTLE, JEANNIE | Hartford |
| CV | CV-02-0187807-S | ARROW FINANCIAL V. EVANS,NATHANIEL | Stamford |
| CV | CV-02-0814051-S | ARROW FINANCIAL V. EWART, RUDOLPH R. | Hartford |
| CV | CV-02-0187358-S | ARROW FINANCIAL V. FRANK,ROCCO | Stamford |
| CV | CV-02-0512986-S | ARROW FINANCIAL V. JACKSON,KELLY | New Britain |
| CV | CV-02-0187808-S | ARROW FINANCIAL V. JAMES,NORMA | Stamford |
| CV | CV-02-0814052-S | ARROW FINANCIAL V. PETROLITO, LUCIANO | Hartford |
| CV | CV-02-0187801-S | ARROW FINANCIAL V. RODRIGUEZ,LINDA | Stamford |
| CV | CV-02-0512989-S | ARROW FINANCIAL V. SLAWSKI,EDYTA | New Britain |
| CV | CV-02-0187315-S | ARROW FINANCIAL V. STEWART,DAVID | Stamford |

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Search | Home

Common Legal Terms | Contact Us | **Civil/Family Case Disclaimer**

Copyright © 2003, State of Connecticut Judicial Branch

http://www.jud2.state.ct.us/Civil_Inquiry/JurisAccess.asp 11/3/03

State of Connecticut
Judicial Branch

Civil Inquiry Home Prev Page Site Help Comments Page Calendar Notice Case Look-up

Screen Section Help: Detail Party Motions

# Case Detail

**Data Updated as of: 10/31/2003**

| Plaintiff Name | VS | Defendant Name |
|---|---|---|
| ARROW FINANCIAL SER | VS | PONCE,JOSE L |

**Docket Number:** CV-02-0459776-S
**Court Location:** New Haven
**File Date:** Jan 17 2002
**Return Date:** Jan 29 2002
* **Last Action Date:** Jan 18 2002
**ADR Status:** Not Applicable
**Case Type:** CONTRACTS - COLLECTIONS

**List Type:** .
**Disposition Date:**
**Judge/Magistrate:**
**Trial List Claim:**
**Disposition:**

* 'Last Action Date' is a data entry date, not actual date

## Parties / Attorneys

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear |
|---|---|---|---|---|
| ARROW FINANCIAL SERVICES LLC | 01 | P | . | . |
| **Attorney:** MICHAEL RICIGLIANO (Juris No. 416888)<br>RICIGLIANO - SUITE 201<br>QUENTIN ROOSEVELT BLVD<br>GARDEN CITY, NY 11530 | | | | |
| JOSE L. PONCE | 50 | D | . | Y |

## Motions / Pleadings / Objections

**** No Motions / Pleadings / Objections Were Found ****

Periodic changes to terminology may be made which do not affect the status of the case.

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Search | Home

Common Legal Terms | Contact Us | Civil/Family Case Disclaimer

Copyright © 2003, State of Connecticut Judicial Branch

Civil/Family Case Lookup Help Case 3:02-cv-01423-MRK Document 76 Filed 11/06/2003 Page 19 of 25 Page 1 of 1

State of Connecticut
Judicial Branch

Civil Inquiry Home | Prev Page | Site Help | Comments Page | Calendar Notic... | Case Look-up

Screen Section Help: Detail Party Motions

# Case Detail

**Data Updated as of: 10/31/2003**

| Plaintiff Name | VS | Defendant Name |
|---|---|---|
| ARROW FINANCIAL SER | VS | TORRES,ELIZABETH |

**Docket Number:** CV-02-0459777-S
**File Date:** Jan 17 2002
*** Last Action Date:** Jan 18 2002
**Case Type:** CONTRACTS - COLLECTIONS
**Court Location:** New Haven
**Return Date:** Jan 29 2002
**ADR Status:** Not Applicable

**List Type:** .
**Disposition Date:**
**Judge/Magistrate:**
**Trial List Claim:**
**Disposition:**

* 'Last Action Date' is a data entry date, not actual date

## Parties / Attorneys

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear |
|---|---|---|---|---|
| ARROW FINANCIAL SERVICES LLC | 01 | P | . | . |
| **Attorney:** MICHAEL RICIGLIANO (Juris No. 416888)<br>RICIGLIANO - SUITE 201<br>QUENTIN ROOSEVELT BLVD<br>GARDEN CITY, NY 11530 | | | | |
| ELIZABETH TORRES | 50 | D | . | Y |

## Motions / Pleadings / Objections

**** No Motions / Pleadings / Objections Were Found ****

Periodic changes to terminology may be made which do not affect the status of the case.

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Search | Home

Common Legal Terms | Contact Us | Civil/Family Case Disclaimer

Copyright © 2003, State of Connecticut Judicial Branch

http://www.jud2.state.ct.us/Civil_Inquiry/DispDetail.asp?DocNum=NNH-CV-02-0459777-S 11/3/03

State of Connecticut
Judicial Branch

Civil Inquiry Home | Prev Page | Site Help | Comments Page | Calendar Noti... | Case Look-up

Screen Section Help: Detail Party Motions

# Case Detail

**Data Updated as of: 10/31/2003**

| Plaintiff Name | VS | Defendant Name |
|---|---|---|
| ARROW FINANCIAL SER | VS | WATSON,DEBRA A |

**Docket Number:** CV-02-0459775-S
**File Date:** Jan 17 2002
*** Last Action Date:** Jan 18 2002
**Case Type:** CONTRACTS - COLLECTIONS
**Court Location:** New Haven
**Return Date:** Jan 29 2002
**ADR Status:** Not Applicable

**List Type:** .
**Disposition Date:**
**Judge/Magistrate:**
**Disposition:**
**Trial List Claim:**

* 'Last Action Date' is a data entry date, not actual date

## Parties / Attorneys

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear |
|---|---|---|---|---|
| ARROW FINANCIAL SERVICES LLC | 01 | P | . | . |
| **Attorney:** MICHAEL RICIGLIANO (Juris No. 416888)<br>RICIGLIANO - SUITE 201<br>QUENTIN ROOSEVELT BLVD<br>GARDEN CITY, NY 11530 | | | | |
| DEBRA A. WATSON<br>95 LAKEVIEW TERRACE NEW HAVEN, CT 06515 | 50 | D | Y | . |

## Motions / Pleadings / Objections

**** No Motions / Pleadings / Objections Were Found ****

Periodic changes to terminology may be made which do not affect the status of the case.

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Search | Home

Common Legal Terms | Contact Us | **Civil/Family Case Disclaimer**

Copyright © 2003, State of Connecticut Judicial Branch

Civil/Family Case Lookup Help Case 3:02-cv-01423-MRK Document 76 Filed 11/06/2003 Page 21 of 25 Page 1 of 1

State of Connecticut
Judicial Branch

Civil Inquiry Home Prev Page Site Help Comments Page Calendar Notic Case Look-up

Screen Section Help: Detail Party Motions

# Case Detail

**Data Updated as of: 10/31/2003**

| Plaintiff Name | VS | Defendant Name |
|---|---|---|
| ARROW FINANCIAL SERV | VS | BLEDSOE RUSSELL |

| | | | |
|---|---|---|---|
| **Docket Number:** | CV-02-0389992-S | **Court Location:** | Bridgeport |
| **File Date:** | Feb 01 2002 | **Return Date:** | Feb 05 2002 |
| * **Last Action Date:** | Feb 04 2002 | **ADR Status:** | Not Applicable |
| **Case Type:** | CONTRACTS - COLLECTIONS | | |
| **List Type:** | . | | |
| **Disposition Date:** | | | |
| **Judge/Magistrate:** | | **Trial List Claim:** | |
| **Disposition:** | | | |

* 'Last Action Date' is a data entry date, not actual date

## Parties / Attorneys

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear |
|---|---|---|---|---|
| ARROW FINANCIAL SERVICES LLC | 01 | P | . | . |
| **Attorney:** MICHAEL RICIGLIANO (Juris No. 416888)<br>RICIGLIANO - SUITE 201<br>QUENTIN ROOSEVELT BLVD<br>GARDEN CITY, NY 11530 | | | | |
| RUSSELL G. BLEDSOE | 50 | D | . | Y |

## Motions / Pleadings / Objections

**** No Motions / Pleadings / Objections Were Found ****

Periodic changes to terminology may be made which do not affect the status of the case.

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Search | Home

Common Legal Terms | Contact Us | Civil/Family Case Disclaimer

Copyright © 2003, State of Connecticut Judicial Branch

http://www.jud2.state.ct.us/Civil_Inquiry/DispDetail.asp?DocNum=FBT-CV-02-0389992-S 11/3/03





Civil/Family Case Look-up Detail Case 3:02-cv-01423-MRK Document 76 Filed 11/06/2003 Page 22 of 25 Page 1 of 2

State of Connecticut
Judicial Branch

Civil Inquiry Home Prev Page Site Help Comments Page Calendar Notic Case Look-up

Screen Section Help: Detail Party Motions

# Case Detail

**Data Updated as of: 10/31/2003**

| Plaintiff Name | VS | Defendant Name |
|---|---|---|
| ARROW FINANCIAL SVCS | VS | BILUPS, R. G. ETAL |

**Docket Number:** CV-02-0169252-S
**File Date:** Jan 14 2002
*** Last Action Date:** Jan 17 2002
**Case Type:** CONTRACTS - COLLECTIONS
**Court Location:** Waterbury
**Return Date:** Jan 22 2002
**ADR Status:** Not Applicable

**List Type:** .
**Disposition Date:**
**Judge/Magistrate:**
**Disposition:**
**Trial List Claim:**

* 'Last Action Date' is a data entry date, not actual date

## Parties / Attorneys

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear |
|---|---|---|---|---|
| ARROW FINANCIAL SERVICES LLC | 01 | P | . | . |
| **Attorney:** MICHAEL RICIGLIANO (Juris No. 416888) RICIGLIANO - SUITE 201 QUENTIN ROOSEVELT BLVD GARDEN CITY, NY 11530 | | | | |
| R.I.G. BILUPS | 50 | D | . | Y |
| RHODA G. BILLUPS | 51 | D | . | Y |

## Motions / Pleadings / Objections

**** No Motions / Pleadings / Objections Were Found ****

Periodic changes to terminology may be made which do not affect the status of the case.

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Search | Home

Common Legal Terms | Contact Us | Civil/Family Case Disclaimer

Copyright © 2003, State of Connecticut Judicial Branch

http://www.jud2.state.ct.us/Civil_Inquiry/DispDetail.asp?DocNum=UWY-CV-02-0169252-S 11/3/03



Civil/Family Case Lookup Help Case 3:02-cv-01423-MRK Document 76 Filed 11/06/2003 Page 23 of 25 Page 1 of 1

State of Connecticut
Judicial Branch
Case Look-up

Civil Inquiry Home Prev Page Site Help Comments Page Calendar Notic

Screen Section Help: Detail Party Motions

# Case Detail

**Data Updated as of: 10/31/2003**

| Plaintiff Name | VS | Defendant Name |
|---|---|---|
| ARROW FINANCIAL | VS | EWART, RUDOLPH R. |

**Docket Number:** CV-02-0814051-S
**Court Location:** Hartford
**File Date:** Feb 01 2002
**Return Date:** Feb 05 2002
*** Last Action Date:** Feb 05 2002
**ADR Status:** Not Applicable
**Case Type:** CONTRACTS - COLLECTIONS

**List Type:** .
**Disposition Date:**
**Judge/Magistrate:**
**Trial List Claim:**
**Disposition:**

* 'Last Action Date' is a data entry date, not actual date

## Parties / Attorneys

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear |
|---|---|---|---|---|
| ARROW FINANCIAL SERVICES LLC | 01 | P | . | . |
| Attorney: MICHAEL RICIGLIANO (Juris No. 416888)<br>RICIGLIANO - SUITE 201<br>QUENTIN ROOSEVELT BLVD<br>GARDEN CITY, NY 11530 | | | | |
| RUDOLPH R. EWART | 50 | D | . | Y |

## Motions / Pleadings / Objections

** No Motions / Pleadings / Objections Were Found **

Periodic changes to terminology may be made which do not affect the status of the case.

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Search | Home

Common Legal Terms | Contact Us | Civil/Family Case Disclaimer

Copyright © 2003, State of Connecticut Judicial Branch

http://www.jud2.state.ct.us/Civil_Inquiry/DispDetail.asp?DocNum=HHD-CV-02-0814051-S 11/3/03



Civil/Family Case Lookup Help Case 3:02-cv-01423-MRK Document 76 Filed 11/06/2003 Page 24 of 25 Page 1 of 2

State of Connecticut
Judicial Branch
Case Look-up

Civil Inquiry Home Prev Page Site Help Comments Page Calendar Notic

**Screen Section Help:** Detail Party Motions

# Case Detail

**Data Updated as of: 10/31/2003**

| Plaintiff Name | VS | Defendant Name |
|---|---|---|
| ARROW FINANCIAL | VS | PETROLITO, LUCIANO |

**Docket Number:** CV-02-0814052-S
**File Date:** Feb 01 2002
* **Last Action Date:** Feb 05 2002
**Case Type:** CONTRACTS - COLLECTIONS

**Court Location:** Hartford
**Return Date:** Feb 05 2002
**ADR Status:** Not Applicable

**List Type:** .
**Disposition Date:**
**Judge/Magistrate:**
**Disposition:**

**Trial List Claim:**

* 'Last Action Date' is a data entry date, not actual date

## Parties / Attorneys

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear |
|---|---|---|---|---|
| ARROW FINANCIAL SERVICES LLC | 01 | P | | |
| **Attorney:** MICHAEL RICIGLIANO (Juris No. 416888)<br>RICIGLIANO - SUITE 201<br>QUENTIN ROOSEVELT BLVD<br>GARDEN CITY, NY 11530 | | | | |
| LUCIANO PETROLITO | 50 | D | | Y |

## Motions / Pleadings / Objections

| Entry No | Entry Date | Description | Initiated By | Arguable | Result | Result Date | Ordered By |
|---|---|---|---|---|---|---|---|
| 101.00 | Jan 29 2002 | LETTER | D | No | | | |

Periodic changes to terminology may be made which do not affect the status of the case.

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Search | Home

Common Legal Terms | Contact Us | Civil/Family Case Disclaimer

Copyright © 2003, State of Connecticut Judicial Branch

http://www.jud2.state.ct.us/Civil_Inquiry/DispDetail.asp?DocNum=HHD-CV-02-0814052-S 11/3/03

This is to certify that the foregoing was mailed on November 5, 2003, postage prepaid, to:

Neil Silberblatt
Steinberg & Cavaliere
50 Main St 9th floor
White Plains NY 10606

Joanne S. Faulkner