UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER CASHMAN

v.                                          LEAD CASE NO. 3:02CV 1423 (MRK)

                                            ALL CASES

MICHAEL RICIGLIANO JR.
MARGIOTTA & RICIGLIANO                      November 7, 2003

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO STRIKE AFFIDAVIT

Plaintiffs move to strike the Affidavit of defendant Ricigliano to the extent it is not based on personal information, is contrary to objective facts or to Mr. Ricigliano's prior sworn statements, and appends inadmissible exhibits. The Affidavit is improper under Fed. R. Civ. P. 56(e) to the extent it does not set forth facts admissible in evidence. The following paragraphs and any exhibits referenced therein should be stricken.

Paragraphs 21, 22 and Ex. F and G represent handwritten documents [not printouts] created for the purpose of the Affidavit. **(1)** Documents prepared for litigation are not admissible. Potamkin Cadillac Corp. v. B.R.I. Coverage Corp., 38 F.3d 627, 632-33 (2d Cir. 1994); United States v. Blackburn, 992 F.2d 666, 670 (7th Cir. 1993); Palmer v. Hoffman, 318 U.S. 109, 113-14 (1943). **(2)** The documents have not been produced in discovery, and plaintiff has not had a chance to examine defendant about them. Pursuant to Fed. R. Civ. P. 37(c)(1), defendant should not be permitted to use them. **(3)** Ex. F contains numerous cross-outs. **(4)** There is no foundation for the provenance and source

of the information in Ex. F or G. **(5)** The affiant himself testified that the record-keeping practices of the firm are haphazard. MR Deposition at 21-23, 64, 68-71 (attached).

Paragraph 14, 17, 18 and Ex. C: The statements are objectively false. Defendant filed 56 actions, not 53. The list, Ex. C, omits three lawsuits against M. Freeman, M. Harris, and M. Maier (copy of Judicial Department records for these cases attached). Twenty-six of the lawsuits are still pending under his name, contrary to MR's affidavit. Contrary to his affidavit, MR Jr. has not moved to withdraw his appearance in eight of these cases, including plaintiff Petrolito's. See Judicial Dept Records as of 11/3/03, attached. Thus, Ex. C is false and incomplete, and the relevant portions of defendant's Affidavit suffer from the same defects.

Paragraphs 3, 4, 22 contain defendant's legal opinion that defendants are not debt collectors. That is a legal conclusion for the Court to determine based on the facts before it. A witness is not permitted to present testimony in the form of legal conclusions. Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992); Daniels v. City of Binghamton, 946 F. Supp. 590, 594 (N.D.N.Y. 1996) (affidavit that consists of legal arguments inadmissible).

Paragraph 2 reveals that some of the affidavit is based on "information" rather than personal knowledge. To that extent, the affidavit is inadmissible. Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 414 (1st Cir. 2000) ("best of my knowledge); Chandler v. Coughlin, 763 F.2d 110 (2d Cir 1985) ("information and belief"). For instance, the affiant testified that he has no personal knowledge of paragraph 8 – the number and type of matters handled by the firm --  but instead asked around to get the information. MR Dep. at 21-23 (attached). Contrary to paragraph 8, no one at the firm does criminal work. MR Dep. at 48. Only his father does zoning. MR Dep. at 50.

Paragraph 7 asserts that MR's practice has "mirrored that of the firm." However, he was the only one in the firm who did the collection work. MR Dep. at 28 (attached). He did not do criminal work or zoning. MR Dep. at 48, 50. Moreover, any conclusory assertion that affiant's practice mirrored that of the firm between 1999 and 2003 is irrelevant and thus inadmissible. Fed. R . Evid. 401. The crucial time period is October 2001 through February 2002, when the individual defendant opened 90 (or 97) files, sent 90 (or 97) demand letters, served 81 lawsuits and filed 56 of them.

Paragraph 9, 10, 19, 20, 21 and Ex. A , B are irrelevant and inadmissible as well. What income the law firm generated for 9 months before the crucial time period through ten months thereafter does not address the issue of whether the individual defendant (and therefore the law firm) was a debt collector for the five months at issue. Even the income during the five months at issue is not relevant. The FDCPA applies to regular *attempts* to collect a debt, whether they are successful or not. 15 U.S.C. §1692a(6). The FDCPA applies even when the alleged debt is not owing (as in this case), §1692a(3), so that the attempt would necessarily be unsuccessful.

## CONCLUSION

The Affidavit should be stricken. It does not comply with Rule 56 so as to interpose any support for defendant's summary judgment motion, or any admissible opposition to plaintiffs' motion.

THE PLAINTIFFS

BY_____
JOANNE S. FAULKNER ct04137
123 Avon Street

                                    New Haven, CT 06511
                                    (203) 772-0395