UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER CASHMAN

v.   LEAD CASE NO. 3:02CV 1423 (MRK)
     ALL CASES

MICHAEL RICIGLIANO JR.
MARGIOTTA & RICIGLIANO   November 20, 2003

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

Defendants' Motion for Summary Judgment (Doc. No. 72) rests on the argument that they are not debt collectors solely because of the nature of their practice over two years, rather than the five months at issue. Their motion should be denied, for several reasons.

First, they rely solely on the Defendants' income and nature of their practice for a two year period. Such factors are not reached by the courts where, as here, there is a high volume of collection attempts by one person, for a collection agency, for five months. MR Jr. admits to sending 90 collection letters and filing 53 collection lawsuits in that short period. While the numbers were actually higher (97 collection letters which violated the FDCPA in several respects and service of 81 unlawful suits of which 56 were filed), the admitted volume is sufficient to show that MR Jr "regularly" attempted to collect debts during the five months.

Second, their motion does not address the five-month period of active collection work. That period is at issue in this case, not the irrelevant period consisting of nine months before and ten months after the intense collection efforts. The facts discussed by defendants are not material to their liability, and are not admissible under Fed. R. Evid. 401.

Third, defendants do not address the distinction between the basis of liability for each defendant. Michael Ricigliano Jr. (MR Jr) intensively attempted to collect debts for and in the name of a collection agency between October 2001 and February 2002. If MR Jr. is a debt collector, the firm is also liable as an indirect debt collector. <u>Bartlett v. Heibl</u>, 128 F.3d 497, 499 50 (7th Cir. 1997) (partnership is jointly liable for one acting as its associate or partner); <u>Randle v. GC Services</u>, 1998 U.S. Dist. LEXIS 16222 (N. D. Ill. 1998) (general partners liable as indirect debt collectors).

Fourth, as long as MR Jr regularly "attempted" to collect debts, his lack of monetary success has no bearing on whether he was a debt collector. 15 U.S.C. §1692a(6) ("regularly collects or attempts to collect"). Even if the factors of income and nature of practice were proper to consider, defendants have refused to provide discovery as to the pertinent five-month time frame. Plaintiffs filed a Motion to Compel as to that information. Doc. No. 70. Defendants provided no admissible facts as to the pertinent time period.

Fifth, the Affidavit (appended to Doc. No. 72) does not meet the criteria of Fed. R. Civ. P. 56(e) or D. Conn. Local Civ. Rule 56(a)3 and should not be considered by the Court in determining any Summary Judgment motion. Plaintiffs moved to strike Exhibits A, B, C, F, and G; and paragraphs 3, 4, 7-10, 14, 17-22. Doc. No. 75. <u>Hollander v. American Cyanamid Co.</u>, 172 F.3d 192 (2d Cir. 1999) (court properly granted motion to strike affidavit):

> The district court was correct in holding that the affidavit "flagrantly disregarded the requirements of Rule 56(e)," was "riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge," and "more resembled an adversarial memorandum than a bona fide affidavit." *Id.* The court acted well within its discretion by striking the inappropriate portions of the affidavit.

Plaintiffs respectfully refer the Court to their Reply brief (Doc. No. 76) rather than repeat the arguments and case law therein. Due to space constraints applicable to the Reply, plaintiffs did not call the Court's attention to two analogous consumer protection statutes whose application is based on numbers, not dollar volume. Under the Truth in Lending Act, a creditor is one who "regularly" extends consumer credit. 15 U.S.C. §1602(f). Regularly now means more than 25 times per year. Reg. Z, 12 C.F.R. 226.2(a)17(i) n.3. Dealers are subject to the Odometer law if they sell at least 5 motor vehicles in the prior 12 months. 49 U.S.C. § 32702. Thus, the "regularly" test ordinarily envisions only frequency or numbers, not the income attributable thereto.

DEFENDANTS CONCEDED THEY VIOLATED STATE LAW

Defendant MR Jr brought state court actions on behalf of Arrow without probable cause in violation of Conn. Gen. Stat. §52-568. Plaintiffs moved for summary judgment on this claim. Defendants' failure to contest the illegality of the lawsuits admits the violation. D. Conn. L. Civ. Rule 7(a)1. MR Jr also admitted bringing the actions without probable cause by withdrawing the actions or seeking to withdraw as counsel. MR Jr. Aff. ¶ 15-17. The pendent state claim is ripe for decision because it does not depend on "regular" activity. After this lengthy federal litigation, when the violation is undisputed, Plaintiffs should not be relegated to the expense and delay of bringing separate state court suits in various state venues distant from one another as defendants request. Def. Mem. at 12-13.

Indeed, the purpose of the statute granting supplemental jurisdiction, 28 U.S.C. §1367(a), is to promote efficiency and judicial economy ("all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). A court is not required to dismiss even if all federal claims are dismissed. In re

3

Porges, 44 F.3d 159, 163 (2d Cir. 1995). In several cases, courts that determined that a plaintiff did not assert violations of the federal law at issue proceeded to rule on the identical state claims.  *See, e.g*., Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (FDCPA); Clayton v. McCary, 426 F. Supp. 248, 259 (N.D. Ohio 1976) (Odometer);  see also  Wegmans Food Markets, Inc. v. Scrimpsher, 17 B.R. 999 (Bankr. N.D.N.Y. 1982).

## CONCLUSION

MR Jr, a partner in the law firm defendant, made extensive attempts to collect illegal debts. He sent some 97 collection letters which violated the FDCPA in several respects. MR Jr then served 81 suits and filed 56 of them. He (and therefore his firm) regularly attempted to collect debts. Whether they were successful is irrelevant. Defendants' motion does not address the five months at issue herein, nor does it address the distinction between defendants as the basis for liability. Defendants' motion rests on an affidavit, large portions of which are inadmissible or contradict objective facts.

Defendants' motion should be denied, and plaintiffs' should be granted.

THE PLAINTIFFS


BY_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 065l1
(203) 772-0395

4