UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER CASHMAN

v.   LEAD CASE NO. 3:02CV 1423 (MRK)
     ALL CASES

MICHAEL RICIGLIANO JR.
MARGIOTTA & RICIGLIANO   November 20, 2003

PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENT

1. Admitted.

2. Admitted

3. Denied, based on absence of citation to admissible evidence, and absence of admissible evidence (Motion to Strike, Doc. No. 75).

4. Denied, based on deposition testimony of Michael Ricigliano. He was the only one in the firm who did the collection work. MR Dep. at 28 (attached to Doc. No. 75). He did not do criminal work or zoning. MR Dep. at 48, 50. Also, the two year period is not admissible, since only five months are at issue.

5. Denied, based on absence of citation to admissible evidence, and absence of admissible evidence (Motion to Strike, Doc. No. 75).

6. Denied, based on absence of citation to admissible evidence, and absence of admissible evidence. Plaintiffs believe the figure is correct, but it is not a relevant fact for the purposes of this case which involves only three months of 2001.

7. Denied, based on absence of citation to admissible evidence, and absence of admissible evidence. Plaintiffs believe the figure is correct, but it is not a relevant fact for the purposes of this case which involves only two months of 2002.

8. Admitted.

9. Admitted only that the individual defendant sent at least 90 letters. The number of letters was higher. Only the individual defendant undertook the collection activity. MR Dep. at 28 attached to Doc. No. 75.

10. Denied. As shown by Doc. No. 75 and the attachments, the statement is objectively false. There were at least 90 letters, at least 81 lawsuits served, and at least 56 returned to court. (Motion to Strike, Doc. No. 75).

11. Denied, based on absence of citation to admissible evidence, and absence of admissible evidence (Motion to Strike, Doc. No. 75). The percentage of matters over a two year period is irrelevant and inadmissible since this action concerns a five-month period, and concerns regular *attempts* to collect, however unsuccessful.

12. Denied. As shown by Doc. No. 75 and the attachments, the statement is objectively false. There were at least 90 letters, at least 81 lawsuits served, and at least 56 returned to court. (Motion to Strike, Doc. No. 75).

13. Denied. As shown by Doc. No. 75 and the attachments, the statement is objectively false. There were at least 56 matters filed in court. (Motion to Strike, Doc. No. 75).

14. Denied as to the number 53, otherwise Admitted. (Motion to Strike, Doc. No. 75).

15. Denied as to the remaining number, otherwise Admitted (Motion to Strike, Doc. No. 75).

16. Denied. As shown by Doc. No. 75 and the attachments, the statement is objectively false.

17. Denied as stated. All of the actions were commenced in 2002. Denied, based on absence of citation to admissible evidence, and absence of admissible evidence.

18. Denied. As shown by Doc. No. 75 and the attachments, the statement is objectively

false. There were at least 90 letters, at least 81 lawsuits served, and at least 56 filed in court. (Motion to Strike, Doc. No. 75). In Connecticut, an action is commenced by service of process.

19. Denied, based on absence of citation to admissible evidence, and absence of admissible evidence (Motion to Strike, Doc. No. 75). The percentage of matters over a two year period is irrelevant and inadmissible since this action concerns a five-month period, and concerns regular attempts to collect, however unsuccessful.

20. Denied, based on absence of citation to admissible evidence, and absence of admissible evidence (Motion to Strike, Doc. No. 75). The revenues over a two year period are irrelevant and inadmissible since this action concerns a five-month period, and concerns regular attempts to collect, however unsuccessful.

21. Denied, based on absence of citation to admissible evidence, and absence of admissible evidence (Motion to Strike, Doc. No. 75). The revenue for 2001 is irrelevant and inadmissible since this action concerns three months of that year, and concerns regular attempts to collect, however unsuccessful.

22. Denied, based on absence of citation to admissible evidence, and absence of admissible evidence (Motion to Strike, Doc. No. 75). The revenue for 2002 is irrelevant and inadmissible since this action concerns two months of that year, and concerns regular attempts to collect, however unsuccessful.

ISSUES TO BE TRIED

If the Court sees fit to inquire into the revenues and type of business, triable issues concern only the individual defendant's statistics for the five months at issue. Defendants have refused discovery on these facts, and discovery motions are pending. Doc. Nos. 68, 70.

Otherwise, the triable issues are the statutory damages and other relief requested by the plaintiffs, since defendants did not dispute the substantive violations of the FDCPA and state law.

THE PLAINTIFFS

BY_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 065l1
(203) 772-0395

This is to certify that the foregoing was mailed on November 19, 2003, postage prepaid, to:

Neil Silberblatt
Steinberg & Cavaliere
50 Main St 9th floor
White Plains NY 10606

_____
Joanne S. Faulkner