UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER CASHMAN

v.                                              LEAD CASE NO. 3:02CV 1423 (MRK)
                                                ALL CASES
MICHAEL RICIGLIANO JR.
MARGIOTTA & RICIGLIANO                          January 31, 2005


PLAINTIFFS' MEMORANDUM RE ATTORNEYS FEES

Plaintiffs apply for an award of interim fees, based on the summary judgment entered herein. Hanrahan v. Hampton, 446 U.S. 754 (1980) (interlocutory award appropriate when party has prevailed on the merits of some claims); Mills v. Electric Auto-Lite Co., 396 U.S. 375, 389 (partial summary judgment as to liability entitles plaintiff to interim fees and expenses); Hastings v. Maine-Endwell Central School Dist., 676 F.2d 893, 896 n.6 (2d Cir. 1982) (argument that there is no legal basis for an interim award of fees is "baseless"); McGill v. Secretary of Health and Human Services, 712 F.2d 28, 30-31 (2d Cir. 1983) (interim fee award proper on interim ruling).

The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k(a)(3), provides that a defendant who fails to comply with any of its provisions "is liable" to the plaintiff for a "reasonable attorney's fee as determined by the court." Plaintiff applies for a fee award of $$32,209 at $300 per hour. Plaintiffs brought each action alleging violations of the FDCPA and obtained summary judgment against the two

defendants.

FDCPA Fee Standards

Where, as here, an attorneys fee provision is phrased in mandatory terms, "fees may be denied a successful plaintiff only in the most unusual of circumstances." De Jesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 234 (1st Cir. 1990) (truth in lending). An award of fees is also mandatory in FDCPA cases. Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164 (7th Cir. 1997); Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir. 1995) (George C. Pratt, C.J.); Graziano v. Harrison, 950 F.2d 107, 113-14 (3d Cir. 1991) (FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general"). Fees are mandatory even if there has been no award of actual or statutory damages. Emanuel v. American Credit Exchange, 870 F.2d 805, 809 (2d Cir. 1989); Pipiles v. Credit Bureau of Lockport, 886 F.2d 22, 28 (2d Cir. 1989).

> Civil suits will deter abusive practices only if it is economically feasible for consumers to bring them. Unless consumers can recover attorneys fees it may not be possible for them to pursue small claims .... [U]nscrupulous collection agencies have little to fear from such suits if consumers must pay thousands of dollars in attorney fees to protect hundreds. Congress recognized this problem and specifically provided for the award of attorney fees to successful plaintiffs.

Venes v. Professional Service Bureau, Inc., 353 N.W.2d 671 (Minn. App. 1984).

In Perez v. Perkiss, 742 F. Supp. 883 (D. Del. 1990), an FDCPA case, the

court awarded over $10,000 in fees on a $1200 jury verdict, including 11 hours defending the fee petition. "[N]o matter how high the settlement offers urged by the *plaintiff* may have been, those offers were still for significantly less money than the total sum the plaintiff, as the prevailing party, is now entitled to recover." Id. at 890. See also Norton v. Wilshire Credit Corp., 36 F. Supp. 2d 216 (D.N.J. 1999) (awarding over $57,000 in fees in an FDCPA case).

The $300 Hourly Rate is Reasonable

      Counsel seeks fees at $300 per hour. Please see affidavit submitted herewith. That award is now well below current hourly market rates in Connecticut. Counsel's affidavit recites several cases, dating back to 1992, in which $250 has been awarded to others in this District. "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." Zagorski, supra, citing Tolentino, 46 F.3d at 653.

Lodestar Figure

      Currently prevailing marketplace rates establish the lodestar amount. Missouri v. Jenkins by Agyei, 109 S.Ct. 2463, 2470 (1989); Blum v. Stenson, 465 U.S. 886, 895 (1983); DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985) (rejecting 46 hours on pretrial memo and 42 hours on fee application); Cohen v.

3

West Haven Bd. of Police Com'rs, 638 F.2d 496, 506 (2d Cir. 1980).

There is a strong presumption that the lodestar figure (reasonable hours times reasonable rate) represents a reasonable fee. Blanchard v. Bergeron, 103 L.Ed. 2d 67, 76 (1989), quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 656 (1986).

While the Court has discretion to determine the proper fee amount, "[T]he latitude of its discretion is narrowed by a presumption that successful civil rights litigants should recover reasonable attorney's fees unless special circumstances render such an award unjust. . . . Furthermore, where, as here, the party achieves success on the merits, an award of all reasonable hours at a reasonable hourly rate, i.e., the lodestar figure, is presumptively appropriate." DiFilippo, 759 F.2d at 234.

"[A] party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990) (awarding $5,500,000 in fees on $3 recovery), cited in Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992). See Laura B. Bartell, Taxation of Costs and Awards of Expenses in Federal Court, 101 F.R.D. 553, 560-62 (1984).

Plaintiff submits that fee standards in civil rights cases are applicable here, because an important public policy was vindicated. *See* Delaware Valley, 478 U.S.

4

at 559-60; Zagorski, supra; Tolentino, 46 F.3d at 652; Hollis v. Roberts, 984 F.2d 1159, 1161 (11th Cir. 1983) (FDCPA award $1,500; fees granted for 24.9 hours at $150/hr., prevailing rate in the community).

No Adjustment Should Be Made

The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. E.g., United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989); Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); Brinker v. Giuffrida, 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant").

Plaintiff does not request an upward or downward adjustment. If a defendant requests such an adjustment, factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719, may be considered. Hensley, 461 U.S. at 434 n.9 ("[M]any of those factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate"); U.S. Football League, 887 F. 2d at 415.

1. The time and labor required (see affidavit). Plaintiff submits that the time expended in the prosecution of this action is modest, especially compared with defense fees, due to counsel's experience in consumer protection litigation. In these cases, which are small monetarily but help others because defendant changes its forms

and procedures, defendants should not be encouraged to expend resources beyond the value of the case in the hope of reducing plaintiff's fee award.

    2. The novelty and difficulty of the question. Even if the case had been straightforward, the lodestar amount may not be reduced. DiFilippo, 759 F.2d at 235.

    3. The skill requisite to perform the legal services properly: plaintiff's counsel knows of very few attorneys who purport to be able to litigate plaintiffs' Consumer Credit Protection Act cases.

    4. The preclusion of other employment. The time spent on this case was not, and could not be, spent at the same time on other cases.

    5. The customary fee is what the plaintiff's counsel requests.

    6. Whether the fee is fixed or contingent. In a Consumer Credit Protection Act case, the fee is always contingent -- not on the amount of damages, but on award by the court or agreement of opponent. In a private attorney general case, Congress encourages counsel to bring suit, recognizing that counsel cannot charge the client an hourly fee, because the fee may be out of proportion to the recovery.

    If contingent, the fee award should compensate counsel for the risk of receiving no compensation, Blum, 465 U.S. at 903, and to permit counsel "to earn an income that would be competitive with colleagues who get paid win or lose." Bayless v. Irv Leopold Imports, Inc., 659 F. Supp. 942 (D. Ore. 1987) (odometer case).

7. Time limitations imposed by the client or the circumstances (none except reasonableness).

8. The amount involved and the results obtained. "[C]ourts generally will not look to the size of the damage award in determining a reasonable attorney's fee in consumer cases." Smith v. Chapman, 436 F. Supp. 58, 66 (W.D. Tex. 1977). Because the statute itself limits damages, the amount of damages awarded does not justify a reduction in the lodestar amount. Cowan v. Prudential Ins. Co., 935 F.2d 522, 527 (2d Cir. 1991).

The Second Circuit rejects the "proportionality" argument as the basis for a fee award. E.g., Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994); DiFilippo v. Morizio, 759 F.2d 231, 234 (2d Cir. 1985); McCann v. Coughlin, 698 F.2d 112, 129 (2d Cir. 1983). Indeed, fee awards in civil rights and consumer protection matters regularly exceed the plaintiff's recovery. E.g., City of Riverside, 477 U.S. at 580 (awarding $245,450 fees on a $33,350 recovery, including 143 hours for trial preparation) Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992) (fee award of $500,000 on $60,000 settlement); United States Football League v. National Football League, 887 F.2d 408, 413-15 (2d Cir. 1989) ($5.5 million fee award on $3.00 recovery); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1057-60 (2d Cir. 1989) ($415,000 fee for recovering $2,689.02 monthly pension).

Norton v. Wilshire Credit Corp., 36 F. Supp. 2d at 220 (rejecting proportionality in awarding $58,000 in fees in an FDCPA case).

In a Consumer Credit Protection Act case such as this one, the award is often limited by statute. "There is little reason to look to the limited award of statutory damages to determine the reasonableness of attorneys' fees which are generated by the unlimited costs of litigation." Postow v. Oriental Bldg Ass'n, 455 F. Supp. 781, 791 (D.D.C. 1978). See also Bittner v. Tri-County Toyota, 569 N.E.2d 464, 466 (Ohio S.Ct. 1991) (the remedial/consumer protection purpose of the statute is undermined if relatively small dollar amount cases cannot fully compensate the attorneys who take them on).

9. The experience, reputation and ability of the attorney. Plaintiff's counsel has a nationwide reputation in the consumer protection field.

10. The undesirability of the case (see affidavit as to risk of loss and dearth of practitioners in the area).

11. The nature and length of the professional relationship with the client (representation limited to Consumer Credit Protection claims).

12. Awards in similar cases. See discussion above and affidavit for the current market rate.

Purpose of fee award.

Attorneys fees are central to the enforcement of the Consumer Credit Protection

8

Act (of which the FDCPA is a part) by private attorneys general. "The value of an attorney's services is not only measured by the amount of the recovery to the plaintiff, but also the non-monetary benefit accruing to others, in this case the public at large from this successful vindication of a national policy to protect consumers from fraud in the used car business." Fleet Inv. Co. v. Rogers, 620 F.2d 792, 794 (10th Cir. 1980) (odometer law case).

Such fees are particularly important in consumer cases, under the principles discussed by the Supreme Court in Rivera, supra, a civil rights case. Consumer Credit Protection Act cases also support this proposition. See, e.g., Ratner v. Chemical Bank, 54 F.R.D. 412 (S.D.N.Y. 1972) ($20,000 fees, $100 damages). "[C]ourts generally will not look to the size of the damage award in determining a reasonable attorney's fee in consumer cases." Smith v. Chapman, 436 F. Supp. 58, 66 (W.D. Tex. 1977).

A defendant should not be encouraged to litigate in the expectation that the Court will reduce the plaintiff's fee request, even though the defendant's fees to its own attorney are not similarly scrutinized and reduced by the Court. Cf. Eddy v. Colonial Life Ins. Co., 59 F.3d 201, 207-08 (D.C. Cir. 1995) (a fee award deters noncompliance with the law and encourages settlement); Benavides v. Benavides, 11 Conn. App. 150 (1987) (same).

An inadequate award diminishes the inducement created by fee-shifting statutes, and undermines the goal of promoting private representation in FDCPA

actions. In language which could appropriately be applied to FDCPA actions, the Second Circuit noted:

> A plaintiff who is successful in establishing certain practices as violative of his constitutional rights will deter officials from continuing this conduct, and thereby help assure that others are not subjected to similar constitutional deprivations. This deterrent effect of successful §1983 actions is wholly independent of the relief which the plaintiff seeks or is ultimately awarded, and therefore it is inappropriate to condition attorney's fee awards on the nature of the relief granted.

McCann v. Coughlin, 698 F.2d 112, 129 (2d Cir. 1983).

An award should be made at a rate which recognizes the vindication of public policy expressed in the FDCPA. "The award of attorney's fees, as a practical matter, is a critical and integral part of [the creation of a system of private attorneys general]." James v. Home Constr. Co., 689 F.2d 1357, 1359 (11th Cir. 1982).

Settlement efforts.

It is unquestionably in the best interests of the Court and the parties to settle rather than litigate. See Janneh v. GAF Corp., 887 F.2d 432 (2d Cir. 1989). "In a very real sense, all of the parties -- and the court as an institution -- win when litigation is settled amicably short of trial." Mathewson Corp. v. Allied Marine Ind., Inc., 827 F.2d 850, 857 (1st Cir. 1987).

Defendants scorned plaintiff's persistent efforts at settlement of this matter in a disproportionate effort to avert exposure to already limited statutory damages. This Court can bolster such settlement efforts for the future by awarding the full amount

requested.

## **CONCLUSION**

Plaintiffs submit that the fee application is reasonable in time expended and amount requested. They respectfully submit that it should be awarded as requested.

                    THE PLAINTIFF

                    BY__/s/ Joanne S. Faulkner___
                    JOANNE S. FAULKNER ct04137
                    123 Avon Street
                    New Haven, CT 06511-2422
                    (203) 772-0395

This is to certify that the foregoing was mailed on January 29, 2005, postage prepaid, to:

Neil Silberblatt
Steinberg & Cavaliere, LLP
50 Main St 9th floor
White Plains NY 10606

__/s/ Joanne S. Faulkner__
Joanne S. Faulkner