UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER CASHMAN

v.  LEAD CASE NO. 3:02CV 1423 (MRK)
    ALL CASES
MICHAEL RICIGLIANO JR.
MARGIOTTA & RICIGLIANO    March 4, 2005

### REPLY IN SUPPORT OF PLAINTIFFS' INTERIM FEE APPLICATION

Defendants have not met their burden to present specific evidence that a lower fee award is appropriate. E.g., United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989). Defendants do not challenge the hourly rate or the costs. They do not address the Hensley factors or any of the legal arguments raised by plaintiffs in their initial brief. Nor do they point to specific entries in the time records that should be reduced.

In the opposing Affirmation, defendants address seven areas of concern. Except for two of the areas, the time records show that the defendant's proposed reductions substantially exceed the actual time expended.

  1. Def. Mem. p. 3 ¶6: Reduction of $1,125 for "nearly four hours" drafting five complaints for unrelated plaintiffs, for separate underlying accounts, that had to be filed individually because, had they filed jointly, the five plaintiffs would have been limited to sharing in one $1,000 recovery. 15 U.S.C. § 1692k.  The modest ¾ of an hour spent on drafting separate complaints in conjunction with reviewing separate

clients' documents should not be reduced. Note that one of the plaintiff's time records totals only $375; two others total only $744, belying defendants' claims about duplication of effort.

     2. Def. Mem. at p. 4 ¶ 10: Reduction of "nearly $1,050" in fees for attending a settlement conference. That conference involved preparation time (review of documents), waiting time while the Magistrate Judge attended to other matters, travel time, and the actual session. Defendants' effort to limit it to the undocumented actual conference time should be rejected. (As I recall, the time was at least ½ hour per side. Magistrate Judge Fitzsimmons does not give up easily.)

     3. Def. Mem. at p. 6 ¶ 16. Reduction of unspecified "nearly $2,000" for unsuccessful opposition to motion to consolidate. Plaintiffs can identify only part of one entry of 1.25 hours on 12/21/02 for opposition to the motion to consolidate. Plaintiffs were successful in their opposition to the extent that they claimed that any consolidation should not be before Judge Hall (as strenuously argued by defendants) because the local rules mandate that it be consolidated with the earliest filed case.

     In any event, a court can reject hours expended in unsuccessful claims only if those claims were wholly unrelated to successful claims. Grant v. Martinez, 973 F.2d 96 (2d Cir. 1992); McCann v. Coughlin, 698 F.2d 112, 129-30 (2d Cir. 1983); Dominic v. Consolidated Edison Co., 822 F.2d 1249, 1259-60 (2d Cir. 1987); Dague v. City of Burlington, 935 F.2d 1343, 1358-59 (2d Cir. 1991), *reversed on other*

*grounds*, 505 U.S. 557, 112 S. Ct. 2638 (1992) (district court did not abuse its discretion in awarding full fee requested on all aspects of the case, although plaintiffs were unsuccessful on preliminary injunction and interlocutory appeal, some arguments failed, and some were not fee-generating).

    4. Def. Mem. at 8 ¶ 26, reduction of "nearly $3,000" for allegedly unsuccessful discovery motions. After plaintiffs' motions, defendants amended and supplemented their discovery responses. Their opposition was successful only because they claimed to have fully complied with the discovery requests in the interim between December 2002, when the motion was filed, and May 2003 when the motion was decided. Doc. Nos. 28, 29. Plaintiffs can identify only two short entries in the Montville time records for December 2002, totaling less than three hours, and less than $1,000, for the motion to compel.

    5. Def. Mem. at 9 ¶ 32, reduction of "nearly $2,000" for time "preparing and serving" a subpoena. Once again, plaintiffs can identify only part of an entry of less than $1,000 on April 12, 2003, relating to opposing a motion to quash the subpoena. [The material sought related to the Agreement between defendants and Arrow, found significant and quoted in Judge Kravitz's Decision at pages 12-13.]

    6. Def. Mem. at 10 ¶ 40, reduction of "nearly $2,000" for time seeking to delay or prevent plaintiff's depositions – successful in that they were never taken. The only entries plaintiffs can identify related to opposing the depositions are parts of the total

$400 entries, for 4/26/03 and 5/10/03.

7. Def. Mem. at 11 ¶ 46, reduction of $3,000 for preparing and attending the compelled deposition of defendants. Defendants seek reduction to the "approximately two hours" time of the deposition and elimination of the preparation time. Counsel is not required to take depositions "on a wing and a prayer" as defendants would have it. The Court Reporter's transcript show that the deposition started at 10:00 a.m, and concluded at 1:30 p.m., with a 45 minute break for lunch.

## **CONCLUSION**

Plaintiffs submit that the fee application is reasonable in time expended and amount requested. They respectfully submit that it should be awarded as requested.

          THE PLAINTIFF


          BY___/s/ Joanne S. Faulkner
          JOANNE S. FAULKNER ct04137
          123 Avon Street
          New Haven, CT 06511-2422
          (203) 772-0395

This is to certify that the foregoing was mailed on March 3, 2005, postage prepaid, to:

Neil Silberblatt
Steinberg & Cavaliere, LLP
50 Main St 9th floor
White Plains NY 10606


___/s/ Joanne S. Faulkner_____
Joanne S. Faulkner