UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
---------------------------------X
CHRISTOPHER CASHMAN,             :

     Plaintiff,                  :

          vs.                    :   No. 3:02CV1423(MRK)(WIG)
                                       (LEAD)
MICHAEL RICIGLIANO, JR.          :
MARGIOTTA & RICIGLIANO,
                                 :
     Defendants.
---------------------------------X
---------------------------------X
KELLY S. JACKSON,                :

     Plaintiff,                  :

          vs.                    :   No. 3:02CV1424(MRK)(WIG)
                                       (MEMBER)
MICHAEL RICIGLIANO, JR.          :
MARGIOTTA & RICIGLIANO,
                                 :
     Defendants.
---------------------------------X
---------------------------------X
KATHLEEN STROZESKI,              :

     Plaintiff,                  :

          vs.                    :   No. 3:02CV1426(MRK)(WIG)
                                       (MEMBER)
MICHAEL RICIGLIANO, JR.          :
MARGIOTTA & RICIGLIANO,
                                 :
     Defendants.
---------------------------------X
---------------------------------X
JANET B. MONTVILLE,              :

     Plaintiff,                  :

          vs.                    :   No. 3:02CV1427(MRK)(WIG)
                                       (MEMBER)
MICHAEL RICIGLIANO, JR.          :
MARGIOTTA & RICIGLIANO,
                                 :
     Defendants.
---------------------------------X
```

```
-----------------------------------X
LUCIANO PETROLITA,                 :

      Plaintiff,                   :

            vs.                    :    No. 3:02CV1822(MRK)(WIG)
                                             (MEMBER)
MICHAEL RICIGLIANO, JR.            :
MARGIOTTA & RICIGLIANO,
                                   :
      Defendants.
-----------------------------------X
```

## RECOMMENDED RULING ON ATTORNEY'S FEE AWARD

This Court previously took under advisement Plaintiffs' motion for an award of attorney's fees and costs and requested that the parties file supplemental briefs addressed to that issue.  Briefing is now complete.  After careful consideration of the affidavits, supporting documentation, and arguments of counsel, the Court finds that Plaintiffs are entitled to an award of fees and costs and recommends an award of attorney's fees of $30,719.00 and costs of $2,215.82.

## Discussion

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(3), ("FDCPA"), provides for an award of costs and "a reasonable attorney's fee as determined by the court" in the case of any successful action to enforce liability under the FDCPA. Plaintiffs were successful at the summary judgment stage and have been award statutory fees under the FDCPA.  Therefore, the Court finds that they are entitled to an award of reasonable attorney's fees and costs.

Plaintiffs' counsel, Joanne Faulkner, has requested a fee award of $32,209, based upon an hourly rate of $300/hour.  No upward or downward departure from the lodestar amount has been requested.  Defendants do not challenge her hourly rate, but do challenge the hours requested on grounds that they include time for "needlessly duplicative work; for interposing baseless and vexatious objections to Defendants' procedural and discovery-related motions (which motions were necessitated by Ms. Faulkner's own refusal to even attempt resolution of those discovery disputes); for pursuing equally vexatious procedural and discovery-related motions against Defendants; and for time entries (such as her ten hours for attending Mr. Ricigliano's two-hour deposition) which simply bear no relation to reality." (Def.'s Mem. at 12.)

The Court finds that Ms. Faulkner's requested rate of $300/hour is reasonable based upon prevailing rates in the Connecticut legal community with which the Court is familiar, and given Ms. Faulkner's forty-plus years of legal experience, her expertise in the area of consumer matters including FDCA cases, her involvement in significant cases before the United States Supreme Court, the Second Circuit, and this Court, and her membership and positions held on various committees of the Connecticut Bar Association and other state and federal bar organizations.

With respect to the specific reductions in hours requested by Defendants, the Court finds as follows:

1.  Defendants challenge Ms. Faulkner's request of fees for nearly 4.0 hours of work in drafting five nearly identical complaints.  Ms. Faulkner has requested an award of .75 hours in each case for "draft summons, complaint, cover."  While the complaints are similar, they are not identical.  Forty-five minutes is not an unreasonable amount of time for preparing the summons, drafting a complaint, and preparing the civil cover sheet in each case.  The Court does not recommend a reduction in the 4.0 hours claimed.

2.  Defendants ask the Court to reduce Ms. Faulkner's request of $1,050 in fees for attending a court-ordered settlement conference that lasted less than one-half hour and at which three plaintiffs failed to attend.  Ms. Faulkner responds that 3.5 hours were spent in preparation, travel between New Haven and Bridgeport, waiting for the conference to begin, and attending the actual settlement conference, which she believes to have been at least 30 minutes per side.  Crediting Ms. Faulkner's statement that the conference lasted at least one hour, and adding travel and preparation time, the Court awards fees for 2.5 hours, thus decreasing the requested fees by $300.

3.  Defendants next challenge Ms. Faulkner's requested fees of nearly $2,000 for time spent unsuccessfully opposing

Defendants' motion to consolidate.  Ms. Faulkner responds that
she only charged 1.25 hours on 12/21/02 for opposition to the
motion to consolidate and further asserts that she was successful
to the extent that she argued the cases should not be
consolidated before Judge Hall, as urged by Defendants.  Upon
review of Ms. Faulkner's time records, the Court has identified
only 1.25 hours spent in opposing Defendants' motion to
consolidate.  This amount is reasonable and should be awarded.

4.  Defendants also ask the Court to reduce her fee request
by $3,000 for unsuccessfully opposing Defendants' motion to stay
discovery pending a ruling on the motion to consolidate, filing
multiple and identical discovery demands, moving to compel
responses, and opposing Defendants' proposed modification of the
standing order.  Ms. Faulkner responds that the only reason
Defendants prevailed on the discovery motions was because they
amended and supplemented their responses in the interim and were
able to claim that they had fully complied with her discovery
requests prior to the issuance of the Court's ruling.  She also
states that less than 3.0 hours in time was spent on these
discovery matters.  The Court has been able to identify only 3.0
hours in her time records relating to the above-referenced
matters, which it finds to be reasonable.

5.  Defendants next seek a $2,000 reduction in the requested
fees for Ms. Faulkner's refusal to withdrawal a "baseless

Subpoena" against Carmody & Torrance.  Ms. Faulkner responds that
her time records reflect less than $1,000 in time for opposing
Defendants' motion to quash the subpoena.  Moreover the subpoena
related to material that was found to be significant and quoted
in Judge Kravitz's decision.  It is not clear to the Court how
much time was spent by Ms. Faulkner with respect to this matter,
since during this same period there were ongoing disputes
concerning a protective order, ex parte communications with the
Court, and various other matters.  As counsel for both sides are
aware, this Court seeks to encourage cooperation among the
parties in discovery matters and pretrial matters, without the
need for court intervention.  It is readily apparent from the
docket sheet that did not happen in this case.  The Court will
reduce the requested fees by $500, which is approximately one-
half of the time requested.

        6.  Defendants next challenge Plaintiffs' request for fees
of nearly $2,000 for time spent opposing their requests for
depositions of the Plaintiffs.  Ms. Faulkner filed a motion for
protective order, which was denied.  She now asserts that,
although the motion was denied, she was successful in that the
Plaintiffs' depositions were never taken.  The Court is not
entirely persuaded by that argument.  The Court has only been
able to identify $480 in time spent on the motion for protective
order.  The requested fees will be cut by 50%.

7.  Lastly, Defendants seek a reduction for hours spent pertaining to the deposition of Defendant Michael Ricigliano. They state that the deposition lasted only two hours, but Ms. Faulkner has sought $3,000 in fees for 10 hours of work associated with that deposition.  She responds that much of this time was spent in preparation, and that the Court Reporter's records show that the deposition lasted from 10:00 a.m. to 1:30 p.m. with a 45-minute lunch break.  Ms. Faulkner's time records reflect 3.0 hours for "re-prepare for depo and exhibits," and 7.0 hours for "review notes for depo, depo, travel."  The deposition was taken in Hartford, Connecticut.  The Court agrees that Plaintiff's counsel should not be required to take the deposition on "a wing and a prayer," and finds that 3.0 hours of preparation plus 5.5 hours for the deposition, travel, and final preparation are reasonable.  Therefore the requested fees are reduced, but by only $450.

## Conclusion

Thus, the Court recommends that attorney's fees in the amount of $30,719 should be awarded, which is a reduction of $1490 from the original request of $32,209.  Additionally, the Court recommends an award of costs in the amount of $2,215.82, which have not been challenged by Defendants.

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of

7

this order.  Failure to object within ten (10) days may preclude appellate review.  _See_ 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; D. Conn. L. Civ. R. 72 for Magistrate Judges; _FDIC v. Hillcrest Assocs._, 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED, this ____6th____ day of April, 2005, at Bridgeport, Connecticut.

_____/s/ William I. Garfinkel_____
WILLIAM I. GARFINKEL,
United States Magistrate Judge